Mamie SEBION, Appellant,

v.

Margaret HECKLER, Secretary, Depart-
ment of Health & Human
Services, Appellee.

No. 84–1737.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1985.

Decided March 25, 1985.

David M. Hendrix, Little Rock, Ark., for
appellant.

Chalk Mitchell, Little Rock, Ark., for ap-
pellee.

Before LAY, Chief Judge, and JOHN R.
GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Mamie Sebion appeals from a denial of
social security disability benefits under 42
U.S.C. § 416(i) (1982) and 42 U.S.C. § 423
(1982). The district court found substantial
evidence on the record as a whole to sup-
port the finding by the administrative law
judge (ALJ) that Sebion was not disabled
within the meaning of the Act.[1] We af-
firm.

Sebion filed an initial application for dis-
ability benefits on January 16, 1980, alleg-
ing she had become disabled as of April 20,
1979, because of ulcers, a hernia and colon
trouble. The initial application was denied
as was an application for reconsideration.
Sebion then requested a hearing where an
ALJ took testimony and evidence and de-
nied the claim. The Appeals Council af-
firmed. The district court thereafter re-
manded for a supplemental hearing for fur-
ther findings.[2] Following this hearing the
ALJ denied benefits. This denial was af-
firmed by the Appeals Council as well as
the district court.

---

1. The Honorable George Howard, Jr., United
States District Court for the Eastern District of
Arkansas, presiding.

2. The district court remanded with instructions
to the Secretary to obtain medical reports from
Dr. Laurenzana, Sebion's treating physician.

We must determine whether the Secretary's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g) (1976 & Supp. V 1981). *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir.1984); *Baugus v. Secretary of Health & Human Services*, 717 F.2d 443, 445 (8th Cir.1983).

Sebion was 61 years old at the time of her initial application and had a third or fourth grade education. When she applied for social security benefits, Sebion claimed she was suffering from ulcers, a hernia, and colon trouble. Sebion claimed she had suffered from these problems since 1963, but was not prevented from working as a cook and a waitress until April 20, 1979. At the hearing Sebion claimed she also suffers from arthritis.[3] Sebion's medical records indicate that she was hospitalized for the periods of October 17 to October 25 of 1979 and October 31 to November 9 of 1979 for an acute gallbladder attack and gallbladder removal. She was treated in the emergency room on June 24, 1980 for an ankle injury. She was diagnosed on May 4, 1981 as having a peptic ulcer disease. She was also hospitalized from July 1 to July 4 of 1982 for removal of a benign thyroid tumor. Sebion was examined by her treating physician on December 6, 1979. A consultative examination was done on February 16, 1980 for the Social Security Administration. Both of these examinations revealed that Sebion had no limitation of motion. Sebion's treating physician prescribed certain medications and a bland diet for the ulcer symptoms. However, Sebion testified at the hearing that she did not take the medications as directed and did not follow a bland diet.

None of the evidence or testimony, including the records of Dr. Laurenzana (Se-bion's treating physician), indicate that Sebion suffers from a severe disability as defined in 20 C.F.R. §§ 404.1520(c) (1984) which would inhibit her from performing her past relevant work. The ALJ made explicit credibility findings which comport with the evidence and testimony. The ALJ questioned Sebion at both the initial and supplemental hearings regarding her symptoms, activities, treatment, work history and pain.[4] Although conflicts in the evidence did exist, it is for the ALJ to reconcile them. *Clark v. Heckler*, 733 F.2d at 68. We find that our review of the evidence supports the ALJ's decision. *See Weber v. Harris*, 640 F.2d 176, 178 (8th Cir.1981). Sebion has not met her burden of demonstrating that she cannot perform substantial gainful activity. *Weber*, at 177. Accordingly, we affirm the district court.

---

**3.** The medical evidence showed no signs of arthritis nor did it show any evidence that the alleged arthritis caused limitations on her movement. Furthermore, Sebion did not allege arthritis at the time of her initial application.

**4.** We note that the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984) applies to the allegations of pain in the present case. *Id.* at § 3. However,

the case need not be remanded in view of the fact that the ALJ adequately considered all the evidence as to pain including the subjective statements as well as the objective evidence. *See Polaski v. Heckler*, 751 F.2d 943, 951 (8th Cir.1984) ("cases may be remanded to the Secretary where substantial evidentiary questions remain.")