Betty EARLEY, Appellant,

v.

DEPARTMENT OF HEALTH & HUMAN SERVICES, Appellee.

No. 85–1494.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1985.

Decided Nov. 8, 1985.

---

Phillip H. McMath, Little Rock, Ark., for appellant.

George Davidson, Office of General Counsel, Dept. of Health & Human Services, Baltimore, Md., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Appellant Betty Earley appeals from the district court's dismissal, for lack of subject matter jurisdiction, of her action for judicial review of an adverse decision issued by the Secretary of Health and Human Services on her claim for social security disability insurance benefits. We affirm.

Earley filed a claim for benefits on November 26, 1979, alleging she had been disabled since October 25, 1979. The claim was denied by the Secretary on December 31, 1980. Earley then sought judicial review in the district court. Because Earley had not complied with 42 U.S.C. § 405(g), which requires a disability claimant desiring judicial review of a denial of a claim for benefits to file suit within sixty days of the final decision of the Secretary on the claim, the district court dismissed Earley's action. Earley did not appeal.

On October 11, 1983 Earley filed a second claim for benefits with the Secretary, again alleging a disability onset date of October 25, 1979. Because her insured status had expired on December 31, 1980, the October, 1983 claim concerned her condition during the identical period of time as that considered by the Secretary in the administrative decision dated December 31, 1980. The Secretary denied the October, 1983 claim initially and on reconsideration, stating it was governed by administrative res judicata. Earley then requested a hearing before an administrative law judge (ALJ), contending that medical evidence she had submitted to the Secretary after the 1980 administrative denial demonstrated "good cause" under 20 C.F.R. §§ 404.-988–89 for a reopening of the earlier claim. The ALJ dismissed Earley's request for a hearing, holding she had failed to establish good cause for a reopening or revision. The Appeals Council subsequently refused Earley's request for review of the ALJ's decision. Although Earley sought review in district court[1] of the administrative deci-

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

sions entered on her October, 1983 claim, the court dismissed the suit for lack of subject matter jurisdiction. Earley appeals.

■ A decision by the Secretary not to reopen a claim for benefits is not judicially reviewable, even under an abuse of discretion standard. *Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). In *Sanders*, the Supreme Court reasoned that

> [Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ] clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing." But a petition to reopen a prior final decision may be denied without a hearing as provided in § 205(b), 42 U.S.C. § 405(b) (1970 ed., Supp. V); see *Cappadora v. Celebrezze*, 356 F.2d 1, 4 (CA2 1966); *Ortego v. Weinberger*, 516 F.2d 1005, 1007 (CA5 1975). Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 C.F.R. § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

*Id.* at 108, 97 S.Ct. at 986.

■ *Sanders* governs the present case. This is not a case in which the Secretary, while refusing to reopen the earlier claim, in fact reconsidered and reevaluated that claim on the merits. The administrative decisions on Earley's October, 1983 claim were strictly limited to the question of whether the 1980 claim would be reopened or revised. Earley's situation is thus distinguishable from *Jelinek v. Heckler*, 764 F.2d 507, 508–09 (8th Cir.1985), in which this court held the Secretary had by implication reopened a time-barred claim.

Earley argues on brief that the Secretary's refusal to conduct a hearing on the existence of good cause for reopening or revision violated due process. Under the Secretary's regulations, good cause is established if "new and material evidence" has been furnished; if there has been a clerical error in the computation of benefits; or if the evidence already of record "clearly shows on its face that an error was made." 20 C.F.R. § 404.989 (1985). Earley contends a hearing would have permitted her to introduce sufficient new and material evidence to establish good cause. Supreme Court cases suggest that when a social security claimant raises purely constitutional claims which are not "inextricably intertwined" with his claim for benefits, certain of the Social Security Act's judicial review provisions which might otherwise preclude jurisdiction may be considered waived. *See Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 2023–24, 80 L.Ed.2d 622 (1984); *Califano v. Sanders*, 430 U.S. at 108–09, 97 S.Ct. at 985–86; *Mathews v. Eldridge*, 424 U.S. 319, 326–32, 96 S.Ct. 893, 898–901, 47 L.Ed.2d 18 (1976).

■ Assuming, for purposes of discussion only, that Earley's constitutional claim was sufficiently collateral to her claim for benefits to permit judicial review,[2] the claim has no merit. There is no statutory

---

**2.** The present case appears to be distinguishable from *Hatcher v. Heckler*, 772 F.2d 427 (8th Cir. 1985), in which this court held that certain due process claims raised by several Medicare claimants were too "inextricably intertwined" with the claimants' benefit claims to permit judicial review.

If *Hatcher* is controlling, however, it would be of no assistance to Earley, because we would then lack jurisdiction to address her due process claim.

or regulatory provision requiring a hearing on the issue of good cause. *See Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir.1982) (whether hearing will be held on reopening and good cause issues is within Secretary's discretion). Earley has already been afforded a full administrative hearing on her claim for benefits, as well as an opportunity for judicial review on the merits. She has also been permitted to submit medical reports and other written materials to the Secretary in support of her position that there would be good cause for reopening her 1980 claim for benefits. The "new and material evidence" she appears to allude to concerns her current medical condition and whether any disabling impairments she now suffers from would relate back to the period before her insured status expired. We see no reason why such medical evidence could not or should not be submitted to the Secretary in written form; the Supreme Court has in fact recognized that the " 'sheer magnitude of [the] administrative burden' " facing the Secretary makes "written reports without 'elaboration through the traditional facility of oral testimony' " necessary. *Richardson v. Perales*, 402 U.S. 389, 406, 91 S.Ct. 1420, 1430, 28 L.Ed.2d 842 (1971) (quoting *Page v. Celebrezze*, 311 F.2d 757, 760 (5th Cir. 1963) ). Recognizing that due process is a flexible concept, we note that the lack of a hearing on the good cause issue at least in these circumstances posed little, if any, additional risk the issue would be wrongly decided, and furthered the government's interest in efficient processing of the claim. We conclude the procedures followed afforded Earley a "meaningful opportunity to present [her] case." *Mathews v. Eldridge*, 424 U.S. at 349, 96 S.Ct. at 909. Such an opportunity was the most that the Constitution required. *Accord Smith v. Heckler*, 761 F.2d 516, 519 n. 3 (8th Cir. 1985); *Stauffer v. Califano*, 693 F.2d 306, 308 (3d Cir.1982).

The decision of the district court is affirmed.