Robert R. BULLYAN, Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Appellee.

No. 85–5178.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1986.

Decided March 27, 1986.

Rehearing and Rehearing En Banc Denied May 29, 1986.

Lionel H. Peabody, Duluth, Minn., for appellant.

Mimi H. Leahy, Asst. Regional Atty., Chicago, Ill., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and OLIVER,* Senior District Judge.

FAGG, Circuit Judge.

Robert Bullyan appeals the district court's dismissal, for lack of subject matter jurisdiction, of his claim for social security disability benefits brought against the Secretary of Health and Human Services (Secretary). We affirm.

On September 19, 1978, Bullyan applied for disability benefits. As a basis for an award of benefits, Bullyan asserted an injury to his left leg (which had been amputated near the knee in 1947) and an injury to his back (which had required surgery in 1968). Bullyan claimed a disability onset date of 1972.

Bullyan's claim was denied initially in November of 1978 and upon reconsideration in February of 1979. Bullyan then requested and received a hearing before an administrative law judge (ALJ). At this hearing, Bullyan was represented by counsel.

On July 19, 1979, the ALJ, in a thorough and well-developed opinion, denied Bullyan's claim for benefits. Specifically, the ALJ found (and Bullyan has never questioned) that Bullyan's insured status expired on March 31, 1977. Thus, any condition giving rise to a compensable claim must have existed prior to March 31, 1977. *See* 42 U.S.C. § 423(a), (c); *see also Banks v. Celebrezze*, 341 F.2d 801, 803 (6th Cir. 1965).

* The HONORABLE JOHN W. OLIVER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

The ALJ also found that between the claimed onset date of his disability and the expiration of his insured status, Bullyan was not and did not become disabled. Rather, the ALJ found that Bullyan was fully able to return to his prior employment as a tool room attendant.

Following the ALJ's decision, Bullyan had the right to appeal that decision to the Appeals Council and from there Bullyan could have further appealed the Secretary's decision to federal district court. *See* 20 C.F.R. § 404.900(a)(4)–(5). Bullyan, however, failed to seek further review. Thus, Bullyan lost the right to further review (administrative or judicial), and the decision of the ALJ denying Bullyan's request for benefits became final and binding.

On June 23, 1983, Bullyan again applied for social security disability benefits. Claiming an onset date of December 31, 1972, Bullyan asserted the same leg and back injuries that he had relied upon and that had been rejected in his prior claim. Bullyan's claim was again denied by the Secretary both initially and upon reconsideration.

Bullyan then requested a hearing before an ALJ. The ALJ denied Bullyan's request concluding that Bullyan's second claim was one and the same with his first claim and was thus barred by administrative res judicata. *See* 20 C.F.R. § 404.957(c)(1). The ALJ further concluded that 20 C.F.R. § 404.988 provided no basis upon which Bullyan's prior claim could be reopened. The ALJ then dismissed Bullyan's claim.

Following this dismissal, Bullyan appealed to the Appeals Council requesting that it review the ALJ's decision. The Appeals Council, after considering Bullyan's contentions and after examining additional evidence submitted by Bullyan, found no basis upon which to review the ALJ's decision and denied Bullyan's request for further review. Neither the ALJ nor the Appeals Council, while refusing to reopen Bullyan's earlier claim, in fact reconsidered and re-evaluated the merits of Bullyan's earlier claim. *See Jelinek v. Heckler*, 764 F.2d 507, 508–09 (8th Cir.1985); *Taylor v. Heckler*, 738 F.2d 1112, 1114–15 (10th Cir.1984).

After receiving notice of the decision of the Appeals Council, Bullyan filed the present action with the district court. As previously stated, the district court dismissed Bullyan's complaint after concluding it was without subject matter jurisdiction. This appeal followed.

■ The Secretary's decision applying administrative res judicata and refusing to reopen Bullyan's prior claim is not a "final decision * * * made after a hearing" to which Bullyan was statutorily entitled. *See* 42 U.S.C. § 405(g), (a); *see also Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir.1985), *cert. denied sub nom. Krumpelman v. Bowen*, —— U.S. ——, 106 S.Ct. 1222, 89 L.Ed.2d 332 (1986); *Latona v. Schweiker*, 707 F.2d 79, 81 (2d Cir.1983) (per curiam); *Penner v. Schweiker*, 701 F.2d 256, 260 (3d Cir.1983). Thus, except to the extent that Bullyan has raised colorable constitutional issues that are collateral to and not inextricably intertwined with his claim for benefits, *see Sanders*, 430 U.S. at 108–09, 97 S.Ct. at 985–86; *see also Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 2021, 2023–24, 80 L.Ed.2d 622 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 326–32, 96 S.Ct. 893, 898–901, 47 L.Ed.2d 18 (1976); *Earley v. Department of Health and Human Services*, 776 F.2d 782, 784 (8th Cir. 1985) (per curiam), that decision is judicially unreviewable, even under an abuse of discretion standard, *see Sanders*, 430 U.S. at 107–08, 97 S.Ct. at 985–86; *Earley*, 776 F.2d at 784; *Harapat v. Califano*, 598 F.2d 474, 476–77 (8th Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 482, 62 L.Ed.2d 406 (1979); *Janka v. Secretary of Health, Education and Welfare*, 589 F.2d 365, 367 & n. 2 (8th Cir.1978).

■ Bullyan, however, asserts numerous constitutional claims challenging the Secretary's application of administrative res judicata and refusal to reopen his previous claim. Initially, Bullyan argues that application of administrative res judicata in the

circumstances of this case itself constitutes a denial of due process. We disagree.

With respect to the application of administrative res judicata, the record before the court, while incomplete, is sufficient to establish two things as a matter of law. *See McGowen v. Harris,* 666 F.2d 60, 66 (4th Cir.1981). First, Bullyan understood the administrative and judicial remedies available to him while prosecuting his first claim, *see Shrader v. Harris,* 631 F.2d 297, 301–02 (4th Cir.1980), and thus has already been afforded a "meaningful opportunity to *present* [his claim]." *Mathews,* 424 U.S. at 349, 96 S.Ct. at 909 (emphasis added). Second, Bullyan's present claim for benefits is one and the same with his prior claim and involves the same injuries, the same issues, and the same time period. Further, Bullyan's supposedly "new and material" evidence and new legal theories do not require a different conclusion since they go only to establish the same claim earlier denied by the Secretary. *See McGowen,* 666 F.2d at 67. In light of these factors, due process poses no bar to the application of res judicata to Bullyan's present claim.

We likewise find no due process violation in the Secretary's refusal to reopen Bullyan's prior claim. Bullyan's present claim was filed on June 23, 1983, more than four years after the initial determination of his prior claim (November 21, 1978). Thus, the only basis for reopening possibly available to Bullyan is if the Secretary finds "error * * * on the face of the evidence that was considered when the determination or decision was made." 20 C.F.R. § 404.988(c)(8). Assuming that due process places any limitation on the Secretary in this instance and that Bullyan's claim to reopen is not inextricably intertwined with his claim for benefits, it is clear that the ALJ and the Appeals Council in fact considered and rejected the possibility of reopening Bullyan's claim on this basis. Very simply, due process requires and Bullyan can reasonably expect no more.

Bullyan raises numerous other contentions, including whether due process required the Secretary to determine that the prior record had been fully and fairly developed and whether his prior employment constituted substantial gainful activity. To the extent these issues rise to a constitutional level, they are inextricably intertwined with and at bottom are nothing more than an assertion that benefits should be paid. This court has no jurisdiction to review such claims. *Ringer,* 104 S.Ct. at 2021–24.

Finding no other basis on which this court may assert jurisdiction, including mandamus, we affirm the decision of the district court.