**William J. HOPKINS, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

No. 87–1682.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1988.

Decided June 24, 1988.

Lawrence E. Ray, St. Robert, Mo., for appellant.

Robin J. Aiken, Springfield, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

William J. Hopkins appeals from a district court order affirming the Secretary of Health and Human Services' decision to deny Hopkins disability benefits and supplemental income because Hopkins has the residual functional capacity to perform his past work. Hopkins argues that the Secretary erred in making credibility determinations discounting his subjective complaints of pain. He claims that the Secretary failed to analyze these complaints in terms of 1984 amendments to the Social Security Act, particularly 42 U.S.C. § 423(d)(5) (Supp. III 1985), and failed to set forth inconsistencies in the record as a basis for his credibility determinations. Hopkins also contends that the Secretary failed to consider pain as a nonexertional impairment, failed to evaluate his ability to perform his past relevant work in accordance with Social Security regulations, and generally failed to make findings supported by substantial evidence. We affirm the judgement of the district court.

Hopkins, a forty-six year old man, suffered a back injury in 1970 in an on-the-job accident at the Lebanon Feed and Seed Company in Lebanon, Missouri. From 1970 to 1985, Hopkins was self-employed mowing lawns with a riding mower and removing snow with a tractor and blade. He also drove a cab in Lebanon for about six months in 1980. In June of 1985, he discontinued his work in the lawn service.

Hopkins filed an application for disability benefits and supplemental income with the Department of Health and Human Services on July 9, 1985, alleging that he had become disabled on July 6 due to his back injury and arthritis. The Secretary denied these claims initially and on reconsideration.

A hearing was held before an administrative law judge (ALJ) in December of 1985. The ALJ found that Hopkins had degenerative disc disease of the lumbar spine and other physical difficulties, but did not have an impairment or combination of impairments that disabled him. The ALJ also found that Hopkins' subjective complaints of pain were "not as credible or limiting as alleged," based on the objective medical evidence of record and Hopkins' appearance and testimony at the hearing. The ALJ found that Hopkins had the residual functional capacity to perform work-related activities, except for work involving lifting over 20 to 25 pounds, and that his past relevant work as a cab driver and self-employed lawn service worker did not require activities precluded by this limitation. The ALJ concluded that Hopkins could perform his past work and was therefore not disabled.

The Appeals Council denied Hopkins' request for review, making the ALJ's decision the final decision of the Secretary. Hopkins then filed a complaint in federal district court seeking review of the Secretary's decision under 42 U.S.C. § 405(g) (1982). The district court on cross motions for summary judgment ruled that substantial evidence supported the ALJ's findings. The Secretary's motion for summary judgment was granted, Hopkins' motion was denied, *Hopkins v. Bowen*, No. 86–3330–CV–S–4 (W.D.Mo. Apr. 1, 1987), and this appeal followed.

Our task on review is to determine whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Heckler*, 764 F.2d 507, 509 (8th Cir.1985). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The claimant bears the burden of establishing his disability, *e.g.*, *Jelinek*, 764 F.2d at 509, and if the claimant can perform his past work he is not

disabled. 20 C.F.R. §§ 404.1520(e), 416.-920(e).

In *Polaski v. Heckler*, 751 F.2d 943, 948–50 (8th Cir.1984), we held that complaints of pain must be evaluated on the basis of the Social Security Act as amended in 1984, 42 U.S.C. § 423(d)(5)(A); the regulation governing evaluation of symptoms, including pain, 20 C.F.R. § 404.1529 (1987); and Social Security Ruling 82–58, as clarified in *Polaski v. Heckler*, 739 F.2d 1320, 1321–22 (8th Cir.1984). *Jelinek*, 764 F.2d at 509; *Polaski*, 751 F.2d at 950. In particular, adjudicators must consider any evidence regarding the claimant's prior work record and observations by third parties and physicians concerning:

1. the claimant's daily activities;
2. the duration, frequency and intensity of the pain;
3. precipitating and aggravating factors;
4. dosage, effectiveness and side effects of medication; and
5. functional restrictions.

*Jelinek*, 764 F.2d at 509–10 (quoting *Polaski*, 739 F.2d at 1322). Although "the adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations," such complaints "may be discounted if there are inconsistencies in the evidence as a whole." *Id.* at 510.

■ The reports of Hopkins' treating and examining physicians reveal numerous inconsistencies between the physicians' observations and Hopkins' subjective complaints of severe chronic pain, and support the ALJ's finding that Hopkins can perform his past work. Medical records furnished by Dr. Ben C. Harmon indicate that Dr. Harmon treated Hopkins for back and leg pain from January through May of 1971, in July of 1976, and in June of 1985. Dr. Harmon arranged for a CT scan of Hopkins' back in October of 1985, after Hopkins had discontinued his lawn service, and it "showed only early degenerative arthritic changes" and indicated "no need to contemplate at this time any operative intervention." Hopkins was also treated for leg and back pain in 1984 by Dr. O.L.

Bohrer, who reported that Hopkins was "much improved" after approximately one month of medication and treatment. Finally, Hopkins was examined in July of 1985 by Dr. Charles J. Ash, who reported that there was considerable limitation of motion in Hopkins' lumbar and cervical spine, but no deformity or muscle spasm. Ash also reported considerable tightness in Hopkins' hamstring muscles, but—contrary to Hopkins' testimony—Ash found a full range of motion in Hopkins' upper and lower extremeties with no weakness, deformity or atrophy, and that his grip was good in both hands. Ash also reported that Hopkins' hip joints appeared normal, and that there was a slight irregularity on the back of Hopkins' right kneecap, but the remainder of the knee appeared normal.

Examination of other testimony and evidence presented to the ALJ further supports his findings. There was evidence that Hopkins can operate a motor vehicle, as Hopkins reported that he drove a distance of about 50 miles to attend the hearing, stopping once to stretch his legs. There was also evidence that Hopkins' work involves few factors which aggravate his pain. In his vocational report, Hopkins stated that his snow removal and lawn services required minimal lifting and carrying, that the heaviest weight he lifted was no more than ten pounds, and that he was required to bend only occasionally. Residual Functional Capacity Assessments filed by two physicians indicate that Hopkins can lift a maximum of twenty pounds and that he can lift or carry ten pounds frequently. The reports also state that Hopkins can sit for a total of about six hours per day and stand or walk for approximately the same amount of time. Finally, Hopkins' work record indicates that he continued to perform such activities while under Dr. Harmon's care for over fourteen years.

■ Analysis of the evidence as a whole reveals numerous inconsistencies supporting the ALJ's decision to discount Hopkins' subjective complaints of pain. *Jelinek*, 764 F.2d at 510. Although the ALJ did not list these inconsistencies on a point-by-point basis, they are set forth in the ALJ's summa-

**420**

ry and evaluation of the evidence. Hopkins simply failed in his initial burden of establishing that his pain and physical impairments prevent him from performing his past work, and the ALJ therefore was not required to consider Hopkins' pain as a nonexertional impairment. *See, e.g., Sebion v. Heckler,* 757 F.2d 960, 961 (8th Cir.1985) (per curiam); *cf. Kirksey v. Heckler,* 808 F.2d 690, 692–93 (8th Cir.1987) (setting forth additional procedural requirements when claimant has established his inability to perform his past work). The ALJ also evaluated Hopkins' capacity to perform his past work in accordance with Social Security regulations. As the ALJ observed, Hopkins' vocational report indicates that his past work was "sedentary" to "light" in nature, 20 C.F.R. §§ 404.1567, 416.967, and the physicians' reports and assessments show that Hopkins has the residual functional capacity to perform such work. 20 C.F.R. §§ 404.1545, 404.-1565, 416.945, 416.965. While there were conflicts in the evidence, they were for the ALJ to resolve, *e.g., Sebion,* 757 F.2d at 961, and we are satisfied that substantial evidence supports the ALJ's finding that Hopkins can perform his past work. The ALJ properly ruled that Hopkins was not disabled, 20 C.F.R. § 404.1520(e), 416.-920(e), and therefore not eligible for disability benefits or supplemental income.

■ Hopkins also argues that the district court erred in granting the Secretary's motion for summary judgment because no such motion was filed. Here Hopkins filed a motion for summary judgment, and the Secretary in response filed a pleading entitled "Memorandum in Support of Defendant's Motion for Summary Judgment" which set forth the particular grounds for the motion and requested affirmance of the Secretary's decision. This was sufficient to satisfy the requirements of Fed.R.Civ.P. 7(b) regarding the form of motions, *see* 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1191 (1969 & Supp. 1987), and Western District of Missouri Local Rule 13. Hopkins had actual notice of the motion and a full opportunity to respond, and he was not prejudiced by the lack of a formal motion. *Cf. Rose Barge Line, Inc. v. Hicks,* 421 F.2d 163, 164–65 (8th Cir.1970). The district court did not err in treating the Secretary's memorandum as a motion for summary judgment and entering judgment against Hopkins.

The judgment of the district court is affirmed.