Alvin **HAMMONDS**, Appellant,

v.

Otis **BOWEN**, M.D., Secretary of the Department of Health and Human Services, Appellee.

No. 88–1695.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1988.

Decided March 20, 1989.

Rehearing Denied April 13, 1989.

James W. Stanley, Jr., North Little Rock, Ark., for appellant.

Robert Crowe, Baltimore, Md., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Alvin Hammonds appeals the district court's[1] order denying his application for disability insurance benefits. We affirm.

## I.

Hammonds filed an application for benefits on January 11, 1985, alleging disability since April 1, 1976, due to a stroke and high blood pressure. His application was denied initially and upon reconsideration. A hearing was held before an administrative law judge (the ALJ) on April 20, 1985. The ALJ found that Hammonds was not disabled. The appeals council denied Hammonds' request for review, and he appealed to the district court, which remanded the case for further proceedings, including further evaluation of Hammonds' complaints of pain and for testimony of a vocational expert.

The ALJ conducted the supplemental hearing on November 17, 1986. In the interim, Hammonds filed another application for disability insurance benefits, alleging an inability to work since April 14, 1976. Hammonds agreed to consolidate both claims at the hearing before the ALJ, making the decision of the ALJ dispositive of both claims.

Because Hammonds alleged an onset date of April 1976, the ALJ characterized Hammonds' current application as a request to reopen and revise the previous termination decision. The ALJ concluded, however, that no cause existed to justify reopening the determination of December 1, 1981, and that it was res judicata as to the existence of a disability before that date.

On December 31, 1982, the date his insured status expired, Hammonds was forty-five years old. He has an eighth-grade education. He was last employed in 1976, working as an auto tuneup mechanic.

Hammonds suffered two strokes in 1976 and has a lengthy history of hypertension. His strokes created some hesitancy in his speech and some difficulty with vision. Hammonds was granted a period of disability benefits beginning July 4, 1977.

Hammonds' health improved by 1981. A physical examination in that year showed that he had no reflex loss, no muscle weakness or atrophy, and no orthopedic or sensory abnormalties. In addition, his gait and coordination were normal. He was diagnosed as having high blood pressure and restricted peripheral visual fields, with a history of cerebrovascular accident. As a result of the examination reporting Hammonds' improved health, his benefits were terminated. Hammonds testified that an attorney had agreed to pursue his appeal but failed to do so.

The ALJ found that although Hammonds had severe residuals of two strokes and suffered from hypertension and an emotional disorder, his impairments did not meet or equal any of the listed impairments that automatically qualify an applicant for benefits. The ALJ also found that Hammonds was unable to perform his past work as a mechanic but that he was able to perform a full range of light work before December 31, 1982. Because many jobs existed that Hammonds could perform, the ALJ concluded that he was not disabled.

The appeals council adopted the ALJ's recommended decision, although it did reverse the ALJ's res judicata finding. The ALJ's decision, as modified by the appeals council, became the final decision of the Secretary of Health and Human Services

1. The Honorable Oren Harris, United States Senior District Judge for the Western District of Arkansas.

(the Secretary). The district court affirmed the holding of the appeals council, and this appeal followed.

## II.

 We reject Hammonds' contention that the district court erred in upholding the Secretary's refusal to reopen his prior period of disability. Under *Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977), the Secretary's decision not to reopen a prior claim is one of agency discretion and generally is not reviewable. Such a decision is reviewable only if the prior claim has been reconsidered on the merits. *See Rohrich v. Bowen,* 796 F.2d 1030, 1031 (8th Cir.1986); *Jelinek v. Heckler,* 764 F.2d 507, 508 (8th Cir.1985). Review is inappropriate here because no allegation has been made that the prior claim was reconsidered on the merits.

Nor should Hammonds' prior period of disability be reopened because of his attorney's failure to appeal its termination. A claimant must seek judicial review of the Secretary's decision "within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). We have found no authority to support an exception to the sixty-day requirement for a claimant whose attorney fails to appeal within that time. *See Conley v. Bowen,* 781 F.2d 143, 145–46 (8th Cir.1986) (per curiam).

A denial of disability benefits will not be reversed if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938); *see also MacDonald v. Bowen,* 850 F.2d 455, 456 (8th Cir.1988). In reviewing a denial, a court must consider all the evidence, including evidence that detracts from the ALJ's conclusion, *see Turpin v. Bowen,* 813 F.2d 165, 169 (8th Cir.1987), but courts may not substitute their judgment for that of the ALJ. *See*

*Ginter v. Secretary of the Dept. of H.E.W.,* 621 F.2d 313, 313–14 (8th Cir.1980).

The ALJ carefully and thoroughly considered and evaluated all of the evidence that bore upon Hammonds' capacity to work as of the date of the expiration of his insured status. Without further detailing the extensive medical reports contained within the record, we conclude that substantial evidence supports the ALJ's finding that on December 31, 1982, Hammonds possessed transferrable work skills that would have enabled him to perform light exertion work.

The district court's order is affirmed.