**Colleen ROBBINS, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.**

No. 89–1473.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1990.

Decided Feb. 12, 1990.

Denver L. Thornton, El Dorado, Ark., for appellant.

Randall Halford, Dallas, Tex., for appellee.

Before LAY, Chief Judge, and FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Colleen Robbins appeals from the district court's[1] order granting the Secretary of Health and Human Services summary judgment on her application for social security disability benefits. That order affirmed the decision of the Administrative Law Judge that Robbins retained the residual functional capacity for sedentary work. We affirm the district court, although on the basis that this claim is barred by the principle of *res judicata.*

 Colleen Robbins alleges a disability resulting from a back injury that occurred in 1980. She filed an application for disability benefits in 1983 that was denied by an Administrative Law Judge on June 22, 1984. The Appeals Council denied Robbins' request for further review, and she did not pursue the claim any further. The current claim for benefits was filed in July 1986 and alleges a disability arising out of the same back condition. Robbins' insured status expired on March 31, 1985.

 The ALJ concluded there was no basis for reopening the earlier decision, and thus accorded it *res judicata* effect in this current proceeding. This is the appropriate result where the ALJ has ruled against reopening the prior claim, and has not reconsidered the merits of the earlier claim. *See Hudson v. Bowen,* 870 F.2d 1392, 1394–95 (8th Cir.1989); *see also* 20 C.F.R. § 404.957(c)(1) (1989) (ALJ can refuse to consider any issue where a previous final determination on that same issue bars reconsideration). The ALJ's decision to deny reopening the claim is not subject to judicial review since it is a matter of agency discretion. *See Hammonds v. Bowen,* 870 F.2d 446, 448 (8th Cir.1989). Robbins contends, however, that her claim for benefits from June 22, 1984, the date of the decision in the earlier proceeding, until March 31, 1985, is still open to review.

Robbins has not presented any new evidence that during the period of her insured status her back condition changed or deteriorated. Therefore, she attempts to support her claim based on the medical evidence from the earlier proceeding. Principles of *res judicata* prohibit this result. Since the first proceeding has been given *res judicata* effect in the current proceeding, the medical evidence from the first proceeding cannot be reevaluated in this proceeding. *Wilson v. Califano,* 580 F.2d 208, 211 (6th Cir.1978). *Cf. Gavin v. Heckler,* 811 F.2d 1195, 1199–1200 (8th Cir.1987) (ALJ could not reevaluate evidence from a prior final determination). The only exception to this ruling would be where the prior medical evidence would serve as a background for new and additional evidence of deteriorating mental or physical conditions occurring after the prior proceeding. *Wilson,* 580 F.2d at 212. Reliance on evidence from a prior final proceeding defeats the policy of finality inherent in 42 U.S.C. § 405(h) (1982) (decisions of Secretary shall not be reviewed by another governmental body). *See Gavin,* 811 F.2d at 1200. Robbins presented two medical reports that were not considered at the first proceeding; however, neither of these reports related any information concerning her condition, or a change in her condition in 1984–85.

---

1. The Honorable Oren Harris, United States District Judge for the Western District of Arkansas.

The absence of evidence of a change in Robbins' condition from the time of the first claim precludes her current claim.

The judgment of the district court is affirmed.