**Melba Burke MARSHALL SS # 569–56–6399, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Defendant.**

**No. LR–C–91–258.**

United States District Court, E.D. Arkansas, W.D.

Dec. 30, 1992.

John Downing Garrett, Hamilton & Garrett, North Little Rock, AR, for plaintiff.

Stacy E. McCord, Special Ass't U.S.Atty., Little Rock, AR, for defendant.

## ORDER

JONES, United States Magistrate Judge.

Defendant has filed a motion and brief in support thereof for relief from a portion of the Court's Order of January 13, 1992.

Plaintiff filed a response.

The Court's Order reversed and remanded the Secretary's decision for calculation of

benefits and "for reconsideration of the issue of whether the jobs held by the plaintiff were 'unsuccessful work attempts.'"

It is from this quoted portion of the Order that defendant asks relief.

The instant disability claim was filed in 1988; plaintiff had two previous claims, in 1981 and 1982. (Tr. 48, 49; Exh. 1, 2) They were denied at initial determination (Tr. 82) and plaintiff did not further pursue those efforts.[1] (Tr. 49) She did, however, work and have earnings in 1982, '83 and '84. (Tr. 46–8; Exh. 9) These are the jobs the Court ordered reconsidered to determine if they were unsuccessful work attempts.

■ Defendant's motion contends plaintiff's employment in these years is irrelevant to the instant case; plaintiff's prior denials were not reopened by the Secretary, inasmuch as the time during which they could be reopened had lapsed, citing 20 C.F.R. § 404.-988(b).

Plaintiff replies that the prior determinations could have been reopened, pursuant to § 404.988(c).

The regulation, in pertinent part, specifies:

A determination ... may be reopened—

.      .      .      .      .

(b) Within four years of the date of the notice of the initial determination if we find good cause ... to reopen the case; or

(c) At any time if—

.      .      .      .      .

(8) It is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination ... was made....

20 C.F.R. § 404.988.

The Court assumes that the Secretary could have reopened the 1982 determination on the basis that an error appeared on the face of the evidence when that determination was made. That would hardly have been likely, in view of the fact that the Secretary determined claimant was not disabled on the instant claim.

The important factor, however, is that the Secretary did not reopen the earlier determination.[2]

This Court cannot review the decision to reopen. *Califano v. Sanders,* 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Robbins v. Secretary of Health and Human Services,* 895 F.2d 1223, 1224 (8th Cir.1990).

The Court has studied the two cases cited by plaintiff for a contrary position. The Court views that *Lauritzen v. Weinberger,* 514 F.2d 561 (8th Cir.1975), has been overruled by *Sanders. Munsinger v. Schweiker,* 709 F.2d 1212 (8th Cir.1983), stands only for the proposition that the *Secretary* could reopen the prior determination.

■ There is a narrow exception to the doctrine of *Califano v. Sanders.* If the earlier disability claims had been reconsidered on the merits, then the Court could have properly treated them as reopened. *E.g., Jelinek v. Heckler,* 764 F.2d 507, 508 (8th Cir.1985).

Where, as in the instant case, the ALJ's rendition of the evidence from the earlier claims is more in the nature of history or preliminary facts required to assess the question before him, then there is no reconsideration on the merits. *Underwood v. Bowen,* 807 F.2d 141, 143 (8th Cir.1986), *citing Rohrich v. Bowen,* 796 F.2d 1030, 1031 (8th Cir.1986).

Since it would be a meaningless gesture to reconsider whether these jobs were unsuccessful work attempts, except in the context of whether to allow plaintiff's 1981 and 1982 disability claims, the Court will not require the Secretary to reconsider the question.

Defendant's motion will be granted.

Defendant is hereby relieved from "reconsideration of the issue of whether the jobs held by plaintiff were 'unsuccessful work at-

1. An initial determination is binding unless review is sought. 20 C.F.R. § 404.905.

2. Plaintiff's attorney at the administrative hearing made an oral request that the instant claim be amended to allege an onset of 1981, and that the work periods be construed as unsuccessful trial work attempts. (Tr. 50) The ALJ's decision did not specifically address those requests.

tempts'" called for in the Court's Order of January 13, 1992.

IT IS SO ORDERED.