**Jacqueline T. TAYLOR, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

No. 94–0594–CV–W–4.

United States District Court,
W.D. Missouri,
Western Division.

Sept. 19, 1996.

Joan H. Deans, Raytown, MO, for Plaintiff.

Frank V. Smith, III, Department of Health & Human Services, Kansas City, MO, Jerry L. Short, Vernon A. Poschel, I, U.S. Attorney's Office, Kansas City, MO, for Defendant.

### *ORDER*

FENNER, District Judge.

Jacqueline T. Taylor seeks judicial review of the decision of defendant, Shirley S. Chater, Commissioner of Social Security (the Commissioner), denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C., §§ 401, et seq., and her application for Supplemental Security Income (SSI) benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C., §§ 1381, et seq.

On June 22, 1987, and again on March 23, 1989, plaintiff filed applications for disability and disability insurance benefits, seeking a period of disability commencing November 30, 1986. These applications were denied. On September 8, 1989, plaintiff filed a third application for a period of disability and disability insurance benefits commencing November 30, 1986, as well as an application for Supplemental Security Income. These applications were denied initially and upon reconsideration. On December 4, 1990, an administrative hearing was held at plaintiff's request before an administrative law judge (ALJ). The ALJ entered a decision on January 18, 1991, finding that Taylor was entitled to a period of disability, disability insurance benefits and Supplemental Security Income as of August 15, 1989, but not as of her alleged onset date of November 30, 1986. On January 24, 1991, Taylor requested a review of that hearing decision by the Appeals Council. On September 13, 1991, that request was denied. Plaintiff sought judicial review and on August 6, 1992, the United States District Court for the Western District of Missouri, remanded this case to defendant for medical expert and vocational expert testimony pursuant to defen-

dant's Motion to Remand. A supplemental hearing was held on June 24, 1993, and plaintiff's claim was again denied by the ALJ for the period November 30, 1986, through August 14, 1989. On July 2, 1993, Taylor requested review of the decision by the Appeals Council. On April 18, 1994, that request was denied, thereby rendering the ALJ's decision of June 24, 1993, the final decision of the Commissioner.

The issue is whether the final decision of the Commissioner is supported by substantial evidence on the record as a whole. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and embodies a zone of choice within which the Commissioner may decide to grant or deny benefits without being subject to reversal. *Turley v. Sullivan,* 939 F.2d 524, 528 (8th Cir.1991). Reversal is not appropriate even if the court, sitting as a finder of fact, would have reached a contrary result. *Jernigan v. Sullivan,* 948 F.2d 1070, 1073 n. 5 (8th Cir.1991); *Robertson v. Sullivan,* 925 F.2d 1124, 1127 (8th Cir.1991). The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence and "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the decision." *See Oberst v. Shalala,* 2 F.3d 249, 250 (8th Cir.1993); *Robinson v. Sullivan,* 956 F.2d 836, 838 (8th Cir.1992).

In the instant case, plaintiff was found disabled beginning on August 15, 1989. Significantly, plaintiff filed two previous applications both of which alleged disability beginning on November 30, 1986, the same date on which plaintiff alleges her disability began in the application at issue. Plaintiff's first application was filed on June 22, 1987, and denied on November 13, 1987. Plaintiff did not appeal the denial of that application. Plaintiff filed a second application on March 23, 1989. It was denied on May 24, 1989, and not pursued. In his decision, the ALJ reviewed the regulation at 20 C.F.R. §§ 404.988 and 404.989 as well as Social Security Ruling 91–3p. After considering the criteria contained in the regulations and the Ruling, the ALJ determined that he would not reopen plaintiff's previous applications. Because the ALJ did not reopen the prior applications filed by plaintiff, the principle of administrative *res judicata* applies, and thus, the only period at issue is the period between May 25, 1989, and August 15, 1989, the date on which plaintiff was previously found entitled to benefits.

A decision by the Commissioner not to reopen a prior decision, or to apply administrative *res judicata,* is not reviewable by the court absent a colorable constitutional claim. *Davis v. Sullivan,* 977 F.2d 419, 420 (8th Cir.1992); *Robbins v. Secretary of HHS,* 895 F.2d 1223 (8th Cir.1990); *Hammonds v. Bowen,* 870 F.2d 446, 448 (8th Cir.1989); *Anderson v. Heckler,* 805 F.2d 801, 805 (8th Cir.1986); *Bullyan v. Heckler,* 787 F.2d 417, 419 (8th Cir.1986). A "colorable constitutional issue" for the purposes of judicial review of the Commissioner's decision to refuse to reopen or to apply administrative *res judicata* is one that is collateral to, and not inextricably intertwined with, the claimant's claim for benefits. *Bullyan,* 787 F.2d at 419. There are no colorable constitutional issues present in this case.

Additionally, there was no evidence that plaintiff suffered from a mental impairment which would have prevented her from understanding the procedures for requesting judicial review. Furthermore, plaintiff was represented by counsel when she filed her second application. The ALJ's conclusion is supported by Social Security Ruling 91–3p which provides that good cause for missing the deadline to request judicial review due to a mental impairment is found only when a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal or review by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim (parent, guardian, attorney), at the time of the prior administrative action. These factors are not present in the case at bar. Furthermore, in *Turner v. Bowen,* 862 F.2d 708 (8th Cir.1988), the court held that the fact the claimant was illiterate and

unrepresented did not warrant equitable tolling of the limitations period within which to file an appeal from a denial of disability benefits. Thus, in the case at bar, the only period at issue before the court is between May 25, 1989, and August 15, 1989.

Plaintiff testified that she had not been able to work since November 30, 1986, when she was injured on the job by being hit in the back with a computer break door. Plaintiff related symptoms of back and leg pain and ultimately had surgery on October 3, 1989. Plaintiff represented that from 1986 to 1989 she was homeless. She stated that in 1987, abuse of her pain medication became a problem. She considered herself addicted to her medications and she also started using cocaine. Plaintiff testified that in 1987, she began to suffer from depression.

The record reflects inconsistencies with plaintiff's testimony. Although plaintiff stated that she was homeless between 1986 to 1989, she stated on November 9, 1987, that she was living with her husband. In addition, her hospitalization records consistently reported the same address through 1987.

In regard to the injury to her back, when plaintiff was discharged from Providence–St. Margaret Health Center on December 24, 1986, she was much improved and walking without pain. Plaintiff was admitted to Providence–St. Margaret Health Center again on January 12, 1987. She had been in physical therapy since her last hospitalization, and was feeling better although she had some bad days. When admitted, plaintiff stated that she was worse and she was admitted for traction. By the next day she was improving. By January 15, plaintiff had no pain at rest. She began ambulating the next day with only minimal pain.

On September 2, 1988, Dr. Hood found that plaintiff had a normal neurological and orthopaedic examination of her low back. Her knee and ankle reflexes were normal, and her motor strength was good in all major muscle groups. There was no evidence of any sensory deficit. Straight leg raising was negative to ninety degrees bilaterally as was heel cord stretch. Dr. Hood concurred with Dr. Darnell's rating of only ten percent of the whole body rating.

On November 16, 1988, Dr. Hunt reported that plaintiff was doing quite well following her surgery and all in all looked quite satisfactory. On January 18, 1989, Dr. Hunt again reported that plaintiff was doing nicely following her surgery. She did not complain of any back difficulties. She walked with a normal gait and had a good range of motion in her back with flexion, extension, and sideways movements. Straight leg raising was essentially normal. Strength and sensation seemed adequate in the right leg. Dr. Hunt believed plaintiff was doing satisfactorily and he was happy with her progress. On April 5, 1989, Dr. Hunt stated that plaintiff had a full range of flexion, extension, and sideways movements of the spine. Straight leg raising was negative bilaterally and there was no resistance to the maneuver. Muscle testing revealed no weakness. He assessed a permanent partial disability rating of only 14 percent.

Although plaintiff was ultimately found disabled due to a mental impairment, the record supports the ALJ's decision that prior to the date she was found disabled, August 15, 1989, there was very little evidence of the plaintiff suffering from a mental impairment or drug dependence. The first notation of depression is a November 1989 clinical note at the W. Miner Neighborhood Health Center. A medical expert testified that there was no clear reference to drug abuse until plaintiff was described as drug dependent in the fall of 1989.

■ Nonetheless, plaintiff argues that she met the Listing of Impairment § 1.05C. This section provides the criteria for disorders of the spine and requires the presence of a vertebrogenic disorder such as a herniated nucleus pulposus which persisted for at least three months despite prescribed therapy and with both of the following criteria:

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

20 C.F.R. Part 404, Subpt. P., App. 1, § 1.05C. As the ALJ noted in his decision, the evidence fails to establish that plaintiff

consistently experienced significant limitation of motion in the spine or that she experienced significant motor loss with muscle weakness and sensory and reflex loss. Particularly persuasive were Dr. Hunt's physical findings and clinical notes from November 1988 through October 1989 which did not contain findings which supported plaintiff's claim that she met the listings at 1.05C.

The ALJ specifically considered observations from treating and examining physicians and other objective medical evidence in findings plaintiff's claims not credible. These are important factors in considering a claimant's credibility. *See Barrett v. Shalala*, 38 F.3d 1019, 1022 (8th Cir.1994); *Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir.1991). The ALJ also considered precipitating and aggravating factors as well as the type, dosage, effectiveness, and adverse side effects from her pain medication. Finally, the ALJ specifically considered plaintiff's daily activities. After considering all of these factors, the ALJ determined that plaintiff's subjective complains were not credible. An assessment of plaintiff's credibility is for the ALJ and the court should not substitute its judgment for that of the trier of fact. *Powell v. Heckler*, 741 F.2d 221, 222 (8th Cir.1984). When it is clear from the ALJ's evaluation of the evidence in a case that each *Polaski* factor was considered, the Commissioner's decision should be affirmed. *See Burns v. Sullivan*, 888 F.2d 1218, 1219–20 (8th Cir. 1989); *Hopkins v. Bowen*, 850 F.2d 417, 419–20 (8th Cir.1988).

■ Plaintiff also argues that the ALJ gave too much weight to the opinions of Dr. Hood and Dr. Hunt, both of whom were plaintiff's treating physicians at various times. Plaintiff appears to base her argument on the fact that these physicians treated plaintiff in connection with her Worker's Compensation claim; however, she cites no authority which would support a claim that such treating physicians were entitled to less weight than other treating physicians. In fact, because these physicians were orthopaedic specialists, the ALJ was required to give their opinions even more weight. *See Hinchey v. Shalala*, 29 F.3d 428, 431–32 (8th Cir.1994); *Russell v. Sullivan*, 950 F.2d 542,

544 (8th Cir.1991); *Ledoux v. Schweiker*, 732 F.2d 1385, 1388 (8th Cir.1984).

Plaintiff also argues that the ALJ did not adequately consider the combined effect of plaintiff's mental and physical impairments. The ALJ, however, separately discussed each impairment, the complaints of pain and the daily activities, stated that plaintiff's combination of impairments were not disabling, and incorporated the individual impairments into a residual functional capacity finding. " 'To require a more elaborate articulation of the ALJ's thought processes would not be reasonable.' " *Gooch v. Secretary of H.H.S.*, 833 F.2d 589, 592 (6th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1050, 98 L.Ed.2d 1012 (1988).

■ Finally, plaintiff argues that the hypothetical question upon which the ALJ relied was not adequate because it did not fully set forth all of her impairments. A hypothetical question need not include all of the impairments a claimant alleges, but rather is required to include only those which the ALJ finds are substantially supported by the record as a whole. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir.1994); *Onstad v. Shalala*, 999 F.2d 1232 (8th Cir.1993). The hypothetical question upon which the ALJ relied reflected the impairments which the ALJ found credible, and thus, the ALJ was justified in relying on the vocational expert's testimony. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir.1994); *Cronkhite v. Sullivan*, 935 F.2d 133, 134 (8th Cir.1991).

Substantial evidence on the record as a whole supports the Commissioner's decision. Accordingly, it is ORDERED that defendant's motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED.