# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4149

_____

Stanley Paul Smith,             *
                             *
          Appellant,     *
                             *   Appeal from the United States
   v.                      *   District Court for the
                             *   Western District of Missouri.
                             *
Kenneth S. Apfel, Commissioner of  *      [UNPUBLISHED]
Social Security,            *
                             *
          Appellee.      *

_____

Submitted:  October 6, 2000
Filed:   October 16, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Stanley Smith appeals the district court's[1] order affirming the Commissioner's denial of disability insurance benefits and supplemental security income. For reversal, Smith argues that the district court erred in denying his motions for default judgment, and for reconsideration of the court's order granting the Commissioner additional time to respond to Smith's complaint; that he was denied due process, equal protection, and

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

access to the courts; that the section of the Social Security Act denying benefits to inmates is unconstitutional, and he was denied his right to a jury trial in this matter; and that the administrative law judge (ALJ) erred in discrediting his subjective complaints of pain, in formulating the hypothetical to the vocational expert, and in failing to consider his impairments in combination.

We find that the district court did not abuse its discretion in denying his motions for default judgment and reconsideration, see Harris v. St. Louis Police Dep't, 164 F.3d 1085, 1086 (8th Cir. 1998) (per curiam); and we reject his constitutional arguments as meritless, see Tallman v. Reagan, 846 F.2d 494, 495 (8th Cir. 1988) (per curiam); Earley v. Department of Health & Human Servs., 776 F.2d 782, 785 (8th Cir. 1985) (per curiam); Jenkins v. Heckler, 766 F.2d 383, 385 (8th Cir.) (per curiam) cert. denied, 474 U.S. 945 (1985); and Ginter v. Secretary of Dep't of Health, Educ., & Welfare, 621 F.2d 313, 313-14 (8th Cir. 1980) (per curiam).

As to the ALJ's alleged errors, after careful review of the record, see Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir. 1999) (standard of review), we conclude that the ALJ made every reasonable effort to obtain evidence and to develop the record, as required, see 20 C.F.R. §§ 404.1512(d)(1), 416.912(d)(1) (2000); Phelan v. Bowen, 846 F.2d 478, 481 (8th Cir. 1988) (per curiam); that the ALJ did not err in discrediting Smith's subjective complaints, see Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999); that the ALJ's hypothetical adequately stated Smith's impairments as found by the ALJ, see Riggins v. Apfel, 177 F.3d 689, 694 (8th Cir. 1999); and that the ALJ appropriately considered Smith's impairments in combination, see Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.