Leonard GINTER, Appellant,

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Appellee.**

No. 80–1040.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1980.

Decided May 14, 1980.

Leonard Ginter, filed brief for appellant pro se.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., George W. Proctor, U. S. Atty., Sandra W. Cherry, Asst. U. S. Atty., Little Rock, Ark., and Andrew E. Wakshul, Atty., Dept. of H. E. W., Baltimore, Md., on brief, for appellee.

Before LAY, Chief Judge, and HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Leonard Ginter, a sixty-year-old carpenter with an eighth grade education, was denied social security disability benefits by the Secretary of Health, Education and Welfare. He sought review of that denial in the United States District Court for the Eastern District of Arkansas. That court, in an unpublished opinion, granted the Secretary's motion for summary judgment. It held that there was substantial evidence on the record as a whole to support the Secretary's finding that Ginter was not entitled to disability payments under the provisions of sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d), and that he was not entitled to supplemental security income under the provisions of Title XVI of the Act, 42 U.S.C. §§ 1381–1383c.

Ginter contends on this appeal that the district court erred in denying his request for a jury trial. He asks that we remand this matter to the district court for such a trial.

We find no error in the refusal of the district court to grant a jury trial. The district court has a limited role under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). That role is limited to reviewing the administrative record to determine whether there is substantial evidence to support the findings of the Secretary. It cannot grant a trial de novo before

either the court or a jury. *See Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1979).

Because Ginter has proceeded *pro se* in district court and in this Court, we have examined the record carefully to determine if it supports the Secretary's decision to deny disability benefits. While the question is not free from doubt, we believe it does for the reasons set forth in the district court's memorandum opinion.

The judgment of the district court is affirmed.