790 F.2d 713
 13 Soc.Sec.Rep.Ser. 359, Unempl.Ins.Rep. CCH 17,058
Bobby A. WILLIAMS, Appellant,
v.
Otis R. BOWEN,* Secretary of the United States
Department of Health and Human Services, Appellee.
 No. 85-2197.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 11, 1986.
Decided May 14, 1986.
Rehearing and Rehearing En Banc Denied June 10, 1986.
 
 James W. Stanley, Jr., North Little Rock, Ark., for appellant.
 Thomas Stanton, Dallas, Tex., for appellee.
 Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.
 WOLLMAN, Circuit Judge.
 
 
 1
 Bobby A. Williams appeals from an order of the district court[1] granting summary judgment to the Secretary of Health and Human Services (the Secretary) in a suit by Williams challenging the denial of his applications for a period of disability, disability insurance benefits, and supplemental security income (SSI). We affirm.
 
 I. Background
 
 2
 Williams is a thirty-five year old male with experience as a laborer in construction and industry. He attended special education classes in school up to the tenth grade, but cannot read or write. In addition, Williams has completed a vocational training course in auto body repair and painting.
 
 
 3
 Williams filed the present applications for disability and SSI benefits[2] in December 1981, alleging that he became unable to work on November 16 of that year as the result of an on-the-job back injury that necessitated lumbar disc surgery. Although Williams' physicians described his surgery as successful and did not consider Williams to be totally disabled by his condition, Williams continued to complain of stiffness and severe pain in his back and left lower extremity.
 
 
 4
 The ALJ concluded that, although Williams did suffer from a severe impairment, his impairment was not disabling for a continuous twelve-month period and he retained the residual functional capacity to perform sedentary work. Further, the ALJ held that Williams' complaints of disabling pain and discomfort were not credible. Therefore, according to Rule 201.25 of the Guidelines, Williams was not "disabled" within the meaning of the Social Security Act. The appeals council denied further review of Williams' claims. The district court granted the Secretary's motion for summary judgment. This appeal followed.
 
 II. Analysis
 
 5
 Williams first contends that the ALJ erroneously discounted his subjective complaints solely because they were not supported by objective medical evidence. Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir.1984) (quoting Polaski v. Heckler, 739 F.2d 1320, 1321-1322 (8th Cir.1984)). The Secretary argues that the ALJ's conclusion concerning the credibility of Williams' complaints was also influenced by Williams' own testimony that he uses his most potent prescription pain medication only on an occasional basis.[3] A claimant's allegations of disabling pain may be discredited by evidence that he or she has received minimal medical treatment and/or has taken medications, other than aspirin, for pain only on an occasional basis. See Weber v. Harris, 640 F.2d 176, 178 (8th Cir.1981). According to Williams' own testimony, such circumstances were extant in his case.
 
 
 6
 Williams also contends that the ALJ erred in his failure to consider Williams' multiple impairments in combination and in his failure to call a vocational expert, and that the district court erred in failing to remand the case to the Secretary for reconsideration in light of the Reform Act of 1984. Each of these contentions is based upon Williams' allegation on appeal that he suffers from drug addiction and/or a mental impairment characterized by depression which, in combination with his back condition, renders him disabled. Williams first alleged he possessed these non-exertional impairments when his case was before the district court. Williams offers the text of a report of an examination of Williams by a Dr. Gilbert Evans, included in the addendum to Williams' appeal brief, in support of his allegation. Although Dr. Evans' objective findings are supportive of both Williams' subjective pain complaints and his newly-alleged drug dependence/emotional problem, the report is dated August 6, 1984, some seventeen months after Williams' administrative hearing, ten months after the ALJ's decision was rendered, and eight months after the appeals council denied Williams' request for review. The role of this court is to determine whether there exists substantial evidence on the record viewed as a whole to support the Secretary's decision, not to receive additional evidence and try the issues de novo. See 42 U.S.C. Sec. 405(g). Consequently, Dr. Evans' report can not influence the disposition of this appeal.
 
 
 7
 Accordingly, the order of the district court is affirmed.
 
 
 8
 McMILLIAN, Circuit Judge, dissenting.
 
 
 9
 I respectfully dissent. Although Dr. Evans' report was not submitted to the Secretary, I believe that evidence properly before the Secretary was sufficient to alert the ALJ to the possible presence of a drug or mental impairment. The report of the consulting physician contained a notation that Williams had been admitted to the state hospital in 1974 to receive treatment for a drug problem.[1] Additionally, much of the medication (i.e., Equanil and Tranxene) that Williams was prescribed was for the treatment of anxiety disorders or neuroses. Given the ALJ's duty to develop the record fully and fairly, I believe the ALJ erred in failing to order a consultative psychiatric examination and, accordingly, I would remand the case. See Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir.1985).
 
 
 
 *
 Secretary Bowen, Margaret M. Heckler's successor, was appointed during the pendency of this appeal and is substituted as the appellee. See Fed.R.App.P. 43(c)
 
 
 [1]
 The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas, Western Division
 
 
 [2]
 Williams had previously applied for disability benefits on April 2, 1979. That application was denied initially, on reconsideration, and subsequent to an administrative hearing. Williams did not seek judicial review of that determination
 
 
 [3]
 At the hearing Williams testified that he takes Flexeril, Equanil and aspirin daily on a regular schedule, but only takes Darvocet N-100 when his back pain is particularly bad. Among the aforementioned prescription drugs, only mebrobamate, the chemical name for Equanil, PHYSICIAN'S DESK REFERENCE 1947-1948 (40th ed. 1986), and Darvocet N-100 are specifically described as pain medications. Id. at 1042. Between the latter two medications, Darvocet N-100 appears to be the more potent and effective treatment for pain
 
 
 [1]
 In fairness to the ALJ, he did inquire during his examination of Williams whether Williams had ever suffered from a drug dependency. Williams answered in the negative. The Secretary's decision, however, must take into account evidence that a claimant's true functional ability may be substantially less than the claimant asserts. Parsons v. Heckler, 739 F.2d 1334, 1341 (8th Cir.1984)