**Michael MAROLF, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 92–1381.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1992.

Decided Dec. 11, 1992.

John A. Bowman, Davenport, IA, argued, for plaintiff-appellant.

Janet Braggs, Kansas City, MO, argued (Gene W. Shepard and Christopher D. Hagen, Des Moines, IA, and Frank V. Smith, III, and Mary Day Purcell, Kansas City, MO, on the brief), for defendant-appellee.

Before RICHARD S. ARNOLD, Chief Judge, LOKEN, Circuit Judge, and ROSENBAUM, District Judge.[*]

* The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

LOKEN, Circuit Judge.

Michael R. Marolf appeals the district court[1] judgment affirming the decision of the Secretary of Health and Human Services to deny Social Security disability benefits. The issue is whether Marolf proved that he has a medically determinable seizure disorder. We affirm.

Marolf, a radio and computer repairman, filed his application for disability benefits in May 1988, claiming that he became disabled on November 1, 1987 (later amended to October 1, 1987), because persistent though minor blackouts and seizures had left him unable to drive a car or work on electronic equipment. At the administrative hearing, Marolf testified that he has no physical or mental impairments other than the blackouts. Marolf's wife testified that he has numerous, short-term blackouts and seizures while awake and asleep:

> He has—well, what we call his blackouts where he goes totally out and does his jerking, or he has conscious blackouts where he's awake and talking and he won't remember what he's done.

Marolf testified that he has no recollection of the blackouts but knows he has them from what his wife tells him.

Extensive medical study and treatment have failed to determine the cause of Marolf's condition. An initial electroencephalogram (EEG) showed a possible abnormality, and his treating physician placed Marolf on anti-seizure medication. When he complained of continuing seizures, Marolf was then extensively evaluated at the Mayo Clinic. The prior EEG was reviewed by a Mayo Clinic neurologist who determined that the observed data "do not represent potentially epileptogenic activity." Prolonged EEG investigation, neurological evaluation, and an MRI scan at the Clinic proved normal. No sleep disorder was found, and Marolf's medications were eliminated without causing problems. A Mayo Clinic physician concluded: "the current EEG confirms the clinical suspicion that the seizures are likely nonepileptic psychogenic or stress related seizures."

After thoroughly reviewing this extensive medical evidence, the administrative law judge denied disability benefits because Marolf "has failed to show the existence of any medically determinable physical or mental impairment." The ALJ explained:

> This is not a case where the objective evidence does not support subjective complaints. It is one where, time and time again, the subjective complaints of blackouts have been *refuted* by the objective medical evidence and have been proved conclusively wrong. Moreover, investigation of a possible psychological etiology for the claimant's "blackouts" has not disclosed the existence of a mental impairment.... [A treating physician's] prescription of anti-convulsant medications [was] apparently based on the statements of the claimant and his wife and not on any objective findings. The ... initial [EEG] tests were reviewed by a team of specialists at the Mayo Clinic and, although these tests were considered minimally abnormal by local physicians, this team of specialists in Rochester found them to be completely within normal limits. The claimant has undergone video, sleep, awake, ambulatory, nighttime, and every other possible combination of testing, with no abnormalities recorded.

The Secretary's Appeals Council denied review of the ALJ's adverse determination, the district court affirmed the Secretary's denial of benefits, and this appeal followed.

On appeal, Marolf argues that the ALJ improperly rejected the subjective testimony of Marolf and his wife as to the seizures and blackouts, citing our cases dealing with pain credibility findings, such as *Penn v. Sullivan*, 896 F.2d 313 (8th Cir.1990). However, in those cases, the claimants had medically determinable impairments; the question was the extent to which subjective complaints of pain would be used in deter-

---

1. The HONORABLE HAROLD D. VIETOR, Chief Judge of the United States District Court for the Southern District of Iowa.

mining the severity of those impairments and their impact on the claimants' ability to work. Here, on the other hand, the question is whether Marolf has a medically determinable impairment.

The statute defines *disability* as the "inability to engage in any substantial gainful activity [for at least twelve months] by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A medically determinable impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); *see also* 20 C.F.R. § 404.-1527(a)(1). In 1984, Congress expressly provided that a claimant's testimony cannot, by itself, satisfy this medical component of the statutory standard:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment ... which could reasonably be expected to produce the pain or other symptoms alleged....

42 U.S.C. § 423(d)(5)(A). Although this amendment expired of its own terms on January 1, 1987, it was intended to codify a regulation that is still in effect. *See* 20 C.F.R. § 404.1529; *Bates v. Sullivan*, 894 F.2d 1059, 1071 (9th Cir.1990) (Wright & Wallace, JJ., concurring). Thus, proof of a disabling impairment must be supported by at least some objective medical evidence. *See Moothart v. Bowen*, 934 F.2d 114, 116–17 (7th Cir.1991); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1214–16 (11th Cir.1991).

After careful review of the record, we conclude that substantial evidence supports the ALJ's conclusion that Marolf failed to prove a medically determinable impairment. We have no doubt that epileptic seizures, both major and minor, can be medically determinable disabling impairments. *See, e.g., Braswell v. Heckler*, 733 F.2d 531, 532 (8th Cir.1984) (medically diagnosed "post operative brain surgery epilepsy"), and *Bradley v. Bowen*, 660 F.Supp. 276, 280 (W.D.Ark.1987) (physician witnesses linked "calcifications and lesions in the right hemisphere" of claimant's brain to her seizures). Indeed, in carefully defined situations, such disorders are presumptively disabling "listed impairments." *See* 20 C.F.R. Part 404, Subpart P, App'x 1, §§ 11.02, 11.03. Here, on the other hand, the ALJ found that extensive medical evidence—the "clinical and laboratory diagnostic techniques" mandated by statute—refutes the existence of the seizure impairment that Marolf and his wife described by symptom.

Because substantial evidence supports the ALJ's finding that Marolf does not suffer from a medically determinable physical or mental impairment, the Secretary's decision denying Social Security disability benefits must be affirmed.