Mary M. SIMUEL, SS # 431–92–1361, Plaintiff,

v.

Kenneth S. APFEL, Commissioner, Social Security Administration,[1] Defendant.

No. LR–C–97–892.

United States District Court, E.D. Arkansas, Eastern Division.

Sept. 2, 1998.

---

1. Effective March 31, 1995, the Social Security Administration was established as an independent agency. On that date, any suit pending against the Secretary of Health and Human Services and relating to functions vested in the Commissioner of Social Security continued against the Commissioner. Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103–296, § 106(d), 108 Stat. 1464, 1476–77 (to be codified at 42 U.S.C. § 901).

James W. Stanley, Jr., The Stanley Law Firm, P.A., North Little Rock, AR, for Plaintiff.

U.S. Attorney by Stacey Elise McCord, Assist. U.S. Atty., Eastern District of Arkansas, Little Rock, AR, for Defendant.

## MEMORANDUM AND ORDER

ROY, District Judge.

The plaintiff in this case has appealed the final decision of the Commissioner of the Social Security Administration to deny her claims for supplemental security income ("SSI"). Both sides have moved for summary judgment. In this judicial review, the Court must decide whether there is substantial evidence in the administrative record to support the Secretary's decision. 42 U.S.C. § 405(g) (1976 & Supp. V 1981).

The plaintiff applied for SSI on November 30, 1993. She alleged an inability to work since March 19, 1981. Her application was denied initially and on reconsideration. After an evidentiary hearing was conducted by an Administrative Law Judge (ALJ) on May 8, 1995, the plaintiff's application was denied in a decision rendered on December 9, 1995. The Appeals Council denied plaintiff's request for review of the hearing decision on September 16, 1997. Thus, the ALJ's decision became the final decision of the Commissioner. Plaintiff subsequently filed this action for judicial review on October 20, 1997.

■ This review function is extremely limited. The Court must not try the case de novo, or consider additional evidence, or substitute its judgment for that of the administrative finder of facts. *Ginter v. Secretary of H.E.W.*, 621 F.2d 313, 313–14 (8th Cir.1980). Instead, the Court must accept the agency's factual determinations and the reasonable inferences drawn from them if the record, when considered as a whole, provides substantial evidence to support the findings and inferences. *Russell v. Secretary of H.E.W.*, 540 F.2d 353, 355 (8th Cir.1976); *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir.1975); *Easttam v. Secretary of H.E.W.*, 364 F.2d 509, 511 (8th Cir.1966).

Substantial evidence is more than a mere scintilla. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938); *McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir.1983); *Hancock v. Secretary of H.E.W.*, 603 F.2d 739, 740 (8th Cir.1979).

■ Furthermore, the Court must base its decision upon all of the evidence in the record and not just the evidence that is favorable to the Secretary. *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 484–85, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Brand v. Secretary of H.E.W.*, 623 F.2d 523, 527 (8th Cir.1980) (the standard of review is more than a rubber stamp for the Secretary's decision or a mere search for the existence of substantial evidence supporting the Secretary's decision). The Court has a duty to review the entire record in order to assure that the Secretary's conclusions are rational and that the Secretary has applied the appropriate rules of law in making a decision. *Wood v. Schweiker*, 537 F.Supp. 660, 665 (D.S.C.1982); *Lawrence v. Califano*, 470 F.Supp. 98, 99 (E.D.Mo.1979).

Plaintiff is presently 50 years of age. She completed four years of college, but has no past relevant work experience. Thus, the ALJ found that she has not engaged in any substantial gainful activity.

The ALJ also found that plaintiff has severe back problems, right foot problems, hypertension, diabetes, and residual effects of childhood poliomyelitis, but that she does not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ further found that plaintiff's "allegations of severe and disabling pain are not supported by the evidence of record as a whole ... [and] are found not credible." Although plaintiff has no past relevant work, the ALJ determined that she has the residual functional capacity to perform certain types of sedentary work. The ALJ went on to find, in reliance upon the testimony of a vocational expert, that there are significant numbers of jobs in the national and regional economies which she might perform and, thus, plaintiff is not disabled for the purposes of the Social Security Act.

■ As noted previously, the only issue before the Court is whether the decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence of record. In deciding that plaintiff was not disabled in spite of her specified medical problems, the ALJ concluded that plaintiff's testimony was not fully credible due to exaggeration of the extent of her limitations and symptoms. The absence of more serious medical findings to support plaintiff's claims undercuts her position, as does the admitted effectiveness of the pain medications plaintiff takes. The ALJ also found that plaintiff's daily activities, when considered in conjunction with the very low number of doctor visits and medical treatments, are inconsistent with her allegations of severe pain and significant limitations.

The record reflects that the ALJ engaged in a thorough and entirely proper analysis of plaintiff's ailments and limitations, both individually and in combination. His findings were based upon all objective and subjective evidence of record. The ALJ's credibility findings with respect to plaintiff and her two witnesses at the hearing, plaintiff's mother and a close friend of plaintiff, were adequately supported by the evidence of record as explained in his written decision. Finally, the question posed by the ALJ to the vocational expert met all the requirements of the law and included a fair and complete recitation of plaintiff's conditions and limitations. It appears that the ALJ properly followed the five-step evaluation process, and his finding that plaintiff has the capacity to perform a certain type of sedentary work is supported by substantial evidence of record.

■ The ALJ also considered, and rejected, plaintiff's allegations of depression and mood swings. None of plaintiff's medical records reflects any complaint or mention of mental or emotional problems, and she has never received any treatment or medication for such. The ALJ was justified in rejecting these allegations in light of the complete lack of substantiation for a mental impairment. Proof of a disabling impairment must be supported by at least some medical evidence. *Marolf v. Sullivan,* 981 F.2d 976, 978 (8th Cir.1992). In any event, nothing in the medical records suggests that plaintiff has any mental condition which was, or is, significant enough, either alone or in conjunction with other impairments, to preclude her from performing some sedentary work.

■ Although there is conflicting or ambiguous evidence in the record, the Court may not interfere where, as in this case, substantial evidence supports the Secretary's decision. Administrative fact finders must resolve conflicts and ambiguities in the evidence, not the reviewing court. *McMillian v. Schweiker, supra,* 697 F.2d at 222; *Weber v. Harris,* 640 F.2d 176, 178 (8th Cir.1981); *Dunlap v. Harris,* 649 F.2d 637, 641 (8th Cir.1981); *Janka v. Secretary of H.E.W.,* 589 F.2d 365, 367–68 (8th Cir.1978).

The Court cannot say that the Appeals Council did not come to a permissible conclusion or that its findings are not supported by substantial evidence. There is nothing here to suggest that the challenged administrative action was arbitrary or that it stemmed from an erroneous view of the law. Although the Court is sympathetic toward the plaintiff's medical problems, a careful review of the record as a whole reveals that there is substantial evidence to support the Secretary's findings.

THEREFORE, the Court hereby grants the defendant's motion for summary judgment, affirms the final determination of the Secretary, and dismisses the plaintiff's complaint with prejudice.

### JUDGMENT

Pursuant to the Order entered in this matter on this date, it is Considered, Ordered and Adjudged that plaintiff's complaint should be, and it is hereby, dismissed with prejudice. The relief sought therein is denied. Each side shall bear its own costs herein.