James E. ATTIA, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. CIV. 02–3037.

United States District Court,
D. South Dakota,
Central Division.

Feb. 23, 2004.

Plaintiff was Pro Se.

Cheryl Schrempp DuPris, Assistant United States Attorney, Pierre, SD, for Defendant.

## ORDER

KORNMANN, District Judge.

James E. Attia (Attia) filed this action on October 21, 2002. The Commissioner of Social Security (Commissioner) filed an answer in a timely manner. Attia seeks judicial review of a decision of the Commissioner which denied his application for disability insurance benefits under Title II, §§ 216(i) and 223 of the Social Security Act (Act), 42 U.S.C. §§ 416(i) and 423. Following a hearing, an administrative law judge (ALJ) ruled that Attia did not meet the requirements of the Act as to insured status. The Appeals Council refused to review the ALJ's decision which then became the final decision of the Commissioner.

The case was referred to United States Magistrate Judge Mark Moreno. Judge Moreno did not conduct a hearing but reviewed the entire record and submitted proposed findings of fact and recommendations for disposition of the case (Doc. 45). Judge Moreno sets forth at length the history of this case, the facts, and the applicable law, little of which will be repeated here. He also sets forth the various forms of relief sought by Mr. Attia.

Mr. Attia has now served and filed his objections (Doc. 47), including seven exhibits.

The court has now considered this entire matter *de novo*.

I agree with the statement of the magistrate that no colorable constitutional basis exists to provide jurisdiction to review the Commissioner's refusal to reopen the issues previously decided in Attia's retirement benefit case, those issues dealing with the work activity and quarters of coverage. I agree with the statement that no constructive reopening has occurred so as to confer jurisdiction on this court. I agree with the statement that Attia is not now entitled to have his retirement benefit case reopened, no good cause having been shown. Finally, regardless of the foregoing discussion, substantial evidence exists in the record to support the Commissioner's denial of disability benefits dating back to January 1, 1972. Mr. Attia did not have the necessary 20 quarters of coverage. He had only eight. It may be unfair in Attia's eyes but the fact that he was unemployed for whatever reason does not provide relief as to his status. Mr. Attia attempts in his objections, as he has throughout this case, to "pad" the record with documents that were not before the Commissioner when the final administrative action occurred on August 23, 2002. I agree with the magistrate that none of these documents are material. There is no legal or other reason for a remand. In addition, Mr. Attia has not shown good cause for failing to place such documents in the record before the Commissioner's 2002 decision became final.

Mr. Attia has also filed a motion (Doc. 48) which should be denied.

Now, therefore,

IT IS ORDERED, as follows:

1) The report and recommendations for disposition of this case (Doc. 45) are adopted.

2) The objections of Mr. Attia (Doc. 47) are overruled.

3) Mr. Attia's motion to vacate (Doc. 22) is denied.

4) Mr. Attia's motions to supplement the record (Docs. 32, 33, 34, 39, and 44) are all denied.

5) The Commissioner's objections to Mr. Attia's attempts to supplement the administrative record or to remand the case or both (Doc. 40 at 4–9) are sustained.

6) The complaint (Doc. 1) is dismissed with prejudice and on the merits.

7) The Commissioner's denial of disability benefits as to Mr. Attia is affirmed.

8) The motion (Doc. 48) of Mr. Attia is denied.

## REPORT AND RECOMMENDATIONS FOR DISPOSITION OF SOCIAL SECURITY CASE

MORENO, United States Magistrate Judge.

[¶ 1] The above-captioned Social Security case was referred to this Court by the District Court[1] pursuant to 28 U.S.C. § 636(b) for the purpose of conducting any necessary hearings[2] and submitting to it proposed findings of fact and recommendations for disposition of the case. After careful review of the record and based on the totality of the circumstances present, the Court does now make and propose the following findings and recommendations in accordance with the District Court's referral order.

## I.

[¶ 2] Plaintiff, James E. Attia (Attia), filed this action seeking judicial review from a decision rendered by the Commissioner of Social Security (Commissioner), denying his application for disability insurance benefits under Title II, §§ 216(i) and 223 of the Social Security Act (the Act), 42 U.S.C. §§ 416(i) and 423. After a hearing was held, an administrative law judge (ALJ) determined that Attia did not meet the insured status requirements of the Act and as such, was not entitled to disability benefits. The Appeals Council declined to review the ALJ's decision, thereby making the same the final decision of the Commissioner. See 20 C.F.R. § 404.981.

[¶ 3] Attia then filed a Complaint on October 21, 2002, pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). The Commissioner thereafter answered the Complaint and both parties submitted memoranda detailing their respective arguments.

## II.

[¶ 4] On January 14, 1997, Attia made application for retirement insurance benefits under Title II, § 202 of the Act, 42 U.S.C. § 402. Following an initial denial by the state agency and the Social Security Administration (SSA), Attia requested and was given a hearing before an ALJ. About a year and-a-half later, the ALJ rendered a decision denying Attia's application. In doing so, the ALJ found that Attia did not meet the eligibility requirements to be "fully insured" under the Act and hence, did not qualify for retirement benefits. A review of the July 13, 1998 decision reveals that the ALJ specifically addressed the claims that Attia was not able to earn the requisite quarters of coverage because he did not enter the United States until 1968 and because a job-related injury that occurred in the early 1970's prevented him from working. The ALJ rejected these claims and found that Attia had earned only 8 of the necessary 20 quarters of coverage between 1970 and 1971 during the 40–quarter time frame prior to the quarter in which his alleged disability be-

---

1. The Honorable Charles B. Kornmann, United States District Judge, presiding.

2. No hearings were held because none were needed to prepare this Report.

gan and therefore was not fully insured and able to receive retirement benefits.

[¶ 5] Attia subsequently applied for disability benefits. His application was denied initially and upon reconsideration. On October 16, 2001, he filed a timely request for a hearing. A hearing was eventually held before an ALJ in the spring of the next year, at which Attia testified. After review of Attia's application and consideration of the evidence of record, the ALJ concluded that Attia's prior work activity and the number of quarters of coverage he earned from such work had already been adjudicated, and, based on the doctrine of administrative *res judicata, see* 20 C.F.R. § 404.957(c)(1), would not be relitigated. According to the ALJ, because these issues had already been decided in favor of the Commissioner, Attia was barred from using them again as the gravamen for obtaining disability benefits.

[¶ 6] The Commissioner asserts that relitigation of Attia's eligibility for disability benefits is precluded by *res judicata* and that his September 11, 2001 application should be denied on this basis. She also asserts that the 1998 decision made in Attia's retirement benefit case should not be reopened.

### III.

[¶ 7] The application of *res judicata* to administrative proceedings was explicitly sanctioned by the United States Supreme Court more than 35 years ago. *See United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966); *see also Astoria Federal Savings & Loan Assoc. v. Solimino,* 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). In *Utah Construction,* the Supreme Court observed that:

When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate

opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose.

384 U.S. at 422, 86 S.Ct. 1545. *Res judicata,* however, may only be applied to preclude a subsequent claim for disability benefits when the claimant has filed a previous application based on the "same" issues and when the decision on the earlier application has become final by virtue of administrative or judicial action. § 404.957(c)(1). Nevertheless, even if *res judicata* is applicable, the Commissioner has discretion to reopen a prior disability benefits application for "good cause" within four years of the date of notice of the initial determination. 20 C.F.R. §§ 404.988(b), 404.989.

[¶ 8] As a general matter, federal courts do not have jurisdiction to review the Commissioner's refusal to consider one or more issues on *res judicata* grounds or to reopen a prior application because the same is not a "final decision" within that meaning of § 205(g). *Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). There are, however, two exceptions to this general rule. *Yeazel v. Apfel,* 148 F.3d 910, 911–13 (8th Cir.1998). First, where a colorable constitutional challenge has been made, federal courts have jurisdiction to entertain constitutional questions which are unsuited for resolution in the administrative process. *Sanders,* 430 U.S. at 109, 97 S.Ct. 980; *King v. Chater,* 90 F.3d 323, 325 (8th Cir.1996). Second, "where a claim has been reconsidered on the merits, it is properly treated as having been reopened as a matter of administrative discretion and is subject to judicial review." *King,* 90 F.3d at 325 (citing *Jelinek v. Heckler,* 764 F.2d 507, 508 (8th Cir.1985)). The latter exception is known as "constructive" reopening.

[¶ 9] Here, the Court is unable to find any colorable constitutional basis that

would provide jurisdiction to review the Commissioner's refusal to reopen the work activity and quarters of coverage issues that were previously adjudicated in Attia's retirement benefit case. Attia had a full and fair opportunity to litigate these issues in that case, but simply failed to prevail on them. The ALJ's refusal to reconsider the merits of these claims and grant Attia disability benefits based on them does not rise to the level of a constitutional violation. *See Boock v. Shalala*, 48 F.3d 348, 352–53 (8th Cir.1995); *Bullyan v. Heckler*, 787 F.2d 417, 419–20 (8th Cir.1986).

[¶ 10] Furthermore, the ALJ, in his review of Attia's application for disability benefit, did *not* reconsider the merits of the work activity and quarters of coverage issues that had already been decided. *See King*, 90 F.3d at 325; *Hudson v. Bowen*, 870 F.2d 1392, 1394–95 (8th Cir.1989). Instead, the ALJ explicitly held that the relitigation of Attia's work activity and quarters of coverage claims was barred by the doctrine of *res judicata*, in view of the 1998 decision denying him retirement benefits, entitlement to which necessitates meeting the same earning requirements as those mandated for disability benefits. *See* §§ 214(a), 223(c)(1)(A) of the Act, 42 U.S.C. §§ 414(a), 423(c)(1)(A) (with the additional requirement in disability benefit cases that the claimant have not less than 20 quarters of coverage during the 40–quarter period which ends with the quarter in which the disability began—a requirement the ALJ specifically addressed 5 ½ years ago when he denied Attia retirement benefits). Tr. 71, 188–89. This being the case, no constructive reopening occurred so as to confer jurisdiction on the Court.

[¶ 11] Moreover, Attia is not now entitled to have his retirement benefit case reopened. He has neither demonstrated the requisite "good cause" to reopen the case, which includes furnishing new *and* *material* evidence, *see* 20 C.F.R. §§ 404.988(b), 404.989(a)(1), nor pointed to any previously considered evidence that clearly shows on its face that the ALJ's 1998 decision was erroneously made, *see* § 404.989(a)(3).

### IV.

[¶ 12] In any event, assuming, *arguendo*, that the Court is not jurisdictionally or otherwise foreclosed from reviewing Attia's disability claims and the merits of his 2001 application, substantial evidence exists in the record to support the Commissioner's denial of disability benefits dating back to January 1, 1972. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir.2002) (standard of review); *Howard v. Massanari*, 255 F.3d 577, 580–81 (8th Cir.2001) (same).

[¶ 13] The record indicates that Attia did not have the necessary quarters of coverage to be considered fully insured for purposes of entitlement to disability benefits. The fact that he may have been unable to work at some point in time because of a medical condition does not provide an exception to the insured's status requirements found in §§ 216(i)(3) and 223(c)(1). Quite simply, if a person is not employed for whatever reason, that person does not acquire quarters of coverage to be eligible for disability benefits under the Act. While such a result may appear to be unfair, it is for Congress, and not the courts, to change.

### V.

[¶ 14] The Commissioner objects to Attia's attempt to supplement the administrative record. Section 205(g) spells out the authority of a court to remand a Social Security appeal to the Commissioner for further administrative proceedings and what evidence may be

considered by the court in the rendition of its judgment:

> The court shall have the power to enter, upon the *pleadings and transcript of record*, a judgment affirming, modifying, or reversing the decision of the Commissioner ... with or without remanding the cause for a rehearing.

(emphasis added). The court's role on appeal is a limited one and is confined to reviewing the administrative record to determine whether there is substantial evidence to support the findings of the Commissioner. *Ginter v. Sec'y of Dept. of H.E.W.*, 621 F.2d 313, 313–14 (8th Cir. 1980); *Simuel v. Apfel*, 21 F.Supp.2d 941, 942 (E.D.Ark.1998). In reviewing the Commissioner's decision, the court cannot try the case *de novo* or consider additional evidence. *Id.; see also Williams v. Bowen*, 790 F.2d 713, 715 (8th Cir.1986). If the findings of the Commissioner are supported by substantial evidence of record, when considered as a whole, the court must accept the findings. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Williams v. Sullivan*, 960 F.2d 86, 89 (8th Cir.1992); *Bowen*, 790 F.2d at 715.

[¶ 15] The Commissioner here objects to Attia being able to supplement the administrative record with the following documents:

1. A copying receipt dated August 27, 2003;
2. An arbitrator's award, dated August 18, 1973;
3. A Michigan Worker's Compensation Appeal Board's decision, dated December 9, 1981;
4. A letter from the Michigan Workmen's Compensation Appeal Board, dated October 5, 1973;
5. A letter from the United States Department of Education, dated July 22, 1998;
6. Court memoranda, dated December 31, 2002 and January 23, 2003.
7. Certain medical records, dated between January 21, 1973 and May 14, 2002.

None of these documents were before the Commissioner when the administrative proceedings officially ended. The record indicates that the final administrative action subject to review in this case occurred on August 23, 2002 (when the Appeals Council denied review of the ALJ's April 30, 2002 decision).

[¶ 16] As a general rule, a court is precluded from considering a claimant's after-the-fact submissions on appeal by virtue of the prohibition against *de novo* review. *Id.* The court may, however, remand the case to the Commissioner for consideration of new evidence where such evidence is "material" and the claimant demonstrates "good cause" for failing to submit the evidence at the administrative level:

> The court ... may at any time order additional evidence to be taken before the commissioner ..., but only upon a showing that there is *new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding*....

§ 205(g) (emphasis added).

[¶ 17] In the present case, even if Attia's submissions all constitute "new" evidence, as the Commissioner maintains, they are nonetheless not "material". Evidence is only "material" if it is "non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Krogmeier*, 294 F.3d at 1025. The Department of Education letter concerning a student loan has no relevancy to Attia's work activity during the time period in question. Similarly, the medical records Attia presents

have no bearing on the issue of whether he met the insured status requirements. The same is true with respect to the Court memoranda Attia offers which relate solely to procedural and administrative matters involving his appeal.

[¶ 18] The arbitrator's award, Michigan Appeal Board decision and letter are of limited evidentiary value. Indeed, none of these documents establish the additional work and earnings therefrom needed to increase Attia's quarters of coverage so as to make him eligible for disability benefits. Attia contends that the award he received from the arbitrator granted him back pay. The written award itself, however, does not reflect that this was done. Rather, it merely states that Attia was to be placed on a leave of absence pending final determination of his worker's compensation claim. Significantly, the award does not indicate whether Attia was to be given a paid leave of absence or whether he was to receive or continue to receive worker's compensation benefits during this interim time period. Attia relies on *Social Security Bd. v. Nierotko,* 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1946) and 20 C.F.R. §§ 404.1242, 404.1267, 404.1408 in support of his contention. These authorities, however, are inapposite and have no applicability to the instant case.

[¶ 19] Before a remand will be granted, there must be a reasonable likelihood that the evidence alleged to be "new" and "material" would have changed the Commissioner's determination. *Krogmeier,* 294 F.3d at 1025; *see also Buckner v. Apfel,* 213 F.3d 1006, 1010 (8th Cir.2000); *Woolf v. Shalala,* 3 F.3d 1210, 1215 (8th Cir. 1993). For the reasons already discussed above, none of the documents Attia has submitted would serve to alter or otherwise affect the Commissioner's decision to deny disability benefits.

[¶ 20] Regardless, Attia has not shown "good cause" for failing to incorporate the documents into the record before the Commissioner's 2002 decision was final. Good cause is lacking because Attia had the opportunity to obtain and submit this evidence prior to the administrative record being closed, but failed to do so without providing a sufficient (or for that matter any) explanation. *See Hinchey v. Shalala,* 29 F.3d 428, 433 (8th Cir.1994); *Smith v. Shalala,* 987 F.2d 1371, 1375 (8th Cir. 1993); *see also Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991); *Delrosa v. Sullivan,* 922 F.2d 480, 483–84 (8th Cir. 1991); *Phelan v. Bowen,* 846 F.2d 478, 481 (8th Cir.1988).

[¶ 21] The Commissioner's objections, therefore, to Attia supplementing the record with the seven documents enumerated herein, is sustained and the Court declines to consider this evidence and/or remand the case to the Commissioner for further proceedings.

## VI.

[¶ 22] In addition to filing several Motions for leave to supplement the administrative record, Docket Nos. 32, 33, 34, 39, 44, Attia has filed a Motion to Vacate the District Court's February 26, 2003 Order, Docket No. 22. The Court has considered these Motions and believes that they should all be denied because good cause has not been shown, and/or cannot be found, for granting the same.

## VII.

[¶ 23] Based on the foregoing findings, conclusions and discussion, and in light of the entirety of the record, it is hereby

[¶ 24] RECOMMENDED that Attia's Motion to Vacate, Docket No. 22, be denied. It is further

[¶ 25] RECOMMENDED that Attia's Motions for Leave to Supplement the Record, Docket Nos. 32, 33, 34, 39, 44, be

denied and the Commissioner's objections to augmenting the administrative record and/or to remanding the case, Docket No. 40 at 4–9, be sustained. It is further

[¶ 26] RECOMMENDED that Attia's complaint, Docket No. 1, be dismissed in its entirety and with prejudice. It is further

[¶ 27] RECOMMENDED that judgment be entered forthwith and in accordance with § 205(g) of the Act, 42 U.S.C. § 405(g), affirming the Commissioner's denial of disability benefits.

Jan. 21, 2004.