**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 22, 2007**

**FOR THE TENTH CIRCUIT**

JOANN YOUNG,

   Plaintiff-Appellant,

 v.

MICHAEL J. ASTRUE,[*]
Commissioner of the Social Security
Administration,

   Defendant-Appellee.

No. 06-6275
(D.C. No. CIV-05-1239-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Plaintiff Joann Young, proceeding pro se, appeals from the district court's

judgment affirming the final decision of the Commissioner of Social Security

denying her disability insurance benefits (DIB) under Title II of the Social

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

I.

In her application for DIB, Ms. Young claimed disability due to a blood disorder (thalassemia), a heart condition (arrhythmia), hypertension, and arthritis. After her application was denied initially and upon reconsideration, she requested and received a de novo hearing before an administrative law judge (ALJ). Ms. Young appeared without counsel and offered testimony. A vocational expert also offered testimony.

In his decision, the ALJ applied the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a)(4). *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining steps in detail). At step one, the ALJ found that Ms. Young had not engaged in any substantial gainful activity since her alleged onset date. At steps two and three, the ALJ found that Ms. Young had a number of impairments, including adjustment disorder with mixed depression and anxiety, thalassemia, hypertension, hypothyroid, gastric reflux, mild degenerative disc disease, and mild osteoarthritis. The ALJ found that, in combination, these impairments were severe but not severe enough to meet or medically equal one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1.

Finding Ms. Young's subjective complaints not fully credible, the ALJ determined at step four that she retained the residual functional capacity (RFC) to "lift up to 20 pounds occasionally and 10 pounds frequently; stand and walk approximately 6 hours in an 8-hour workday; sit approximately 6 hours in an 8-hour workday; and follow directions from a supervisor." Admin. R. at 16. He further found that she "should [be] expected to experience some mild to moderate discomfort and anxiety and some mild difficulty in dealing with the public." *Id.* In view of her RFC, the ALJ found that she was capable of performing her past relevant work as a telemarketer, data entry worker, and hand packager, and therefore not disabled at step four of the process. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. *See Jensen v. Barnhart*, 436 F.3d 1163, 1164 (10th Cir. 2005).

Ms. Young then filed a complaint in the district court and demanded a jury trial. The district judge referred Ms. Young's complaint to a magistrate judge for a submission of findings and a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). The magistrate judge recommended that the district court affirm the Commissioner's decision. After considering Ms. Young's timely written objections, the district court adopted the magistrate

judge's report and recommendation,[1] rejected Ms. Young's demand for a jury

trial, and affirmed the Commissioner's decision. Ms. Young appeals.

II.

Ms. Young raises two issues on appeal. Her first issue is: "The SSA Law

Judge and other SSA determination officials did not conduct a true and just

examination of the Plaintiff's medical records." Aplt. Br. at 3. She then states

only that agency officials selected medical data from her records to justify that

she does not have severe impairments instead of reviewing her overall medical

condition. *Id.* Despite the liberal reading we give to the pleadings and other

papers of pro se litigants, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3

(10th Cir. 1991), Ms. Young's generalized and conclusory statements wholly fail

to frame or develop any perceived error in the Commissioner's decision.

Accordingly, she has waived review of any decisional errors in the administrative

process. *See Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) (holding

that "perfunctory complaints [that] fail to frame and develop an issue [are]

[in]sufficient to invoke appellate review").

---

[1]     Our local rule requires an appellant to include with her opening brief a copy of a magistrate judge's report and recommendation when a district court adopts it. 10th Cir. R. 28.2(A)(1). Because Ms. Young did not include a copy of the magistrate judge's report and recommendation with her opening brief, the Commissioner was required to include it with his brief. *See* 10th Cir. R. 28.2(B) ("If the appellant's brief fails to include all the rulings required by (A), the appellee's brief must include them."). Because the Commissioner did not include a copy of the report and recommendation, we remind him of his obligation to do so in the future.

Ms. Young's second issue is that she was denied her right to a jury trial in the district court. Whether Ms. Young was entitled to a jury trial is a question of law that we review de novo. *Mile High Indus. v. Cohen*, 222 F.3d 845, 855 (10th Cir. 2000). The statute providing for judicial review of the Commissioner's decision, 42 U.S.C. § 405(g), is a waiver of the United States' sovereign immunity. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Huie v. Bowen*, 788 F.2d 698, 705 (11th Cir. 1986). "Since there is no generally applicable jury trial right that attaches when the United States consents to suit, the accepted principles of sovereign immunity require that a jury trial right be clearly provided in the legislation creating the cause of action." *Lehman v. Nakshian*, 453 U.S. 156, 162 n.9 (1981).

Section 405(g) does not clearly provide a jury trial right, and another subsection of § 405 provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Therefore, Congress did not clearly provide a jury trial right in the legislation creating a cause of action for review of a social security benefits decision. Consequently, the district court properly rejected Ms. Young's demand for a jury trial. *See Ginter v. Sec'y of Dep't of Health, Educ., & Welfare*, 621 F.2d 313, 313-14 (8th Cir. 1980) (per curiam) (holding that district court's role under § 405(g) "is limited to reviewing the administrative record to determine whether there is

substantial evidence to support the findings of the [Commissioner]" and that the court "cannot grant a trial de novo before either the court or a jury").

III.

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge