**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

EDWARD LEE PARKER,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

        Defendant-Appellee.

No. 08-3064
(D.C. No. 6:07-CV-01088-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Edward Lee Parker, at all times proceeding pro se,[1] appeals from the

district court's affirmance of the Commissioner's denial of social security

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    We liberally construe pro se litigant filings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

disability and supplemental security income benefits.  Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

I.

In the administrative proceedings, Mr. Parker alleged disability beginning October 30, 2002, due to back, hip, leg, neck, hand, and shoulder pain; degenerative arthritis of the spine; a history of laminectomy; a rotator cuff tear; and carpel tunnel syndrome.  His insured status ended on December 31, 2004. The administrative law judge (ALJ) decided Mr. Parker was not disabled because he could perform work which exists in significant numbers in the national economy.  The Appeals Council denied Mr. Parker's request for review, making the ALJ's decision the Commissioner's final decision.  *See Jensen v. Barnhart*, 436 F.3d 1163, 1164 (10th Cir. 2005).

Mr. Parker then filed a complaint for judicial review in the District Court of Sedgwick County, Kansas.  The Commissioner removed the case to federal district court, and it was referred to a magistrate judge for findings and a recommendation.  Mr. Parker asserted that he had only been able to work three months out the last four or five years and the Social Security Administration did not obtain his back medical records or the bills showing he tried to treat his health problems and pain.  The magistrate judge found that Mr. Parker did not show how medical records from 1987 and 1988 would be relevant to his disabled status in 2002, because those records referenced Mr. Parker's back problems leading up to

surgery in 1988, the consulting doctor noted the surgery, and the ALJ was aware of the surgery. Based on these findings, the magistrate judge concluded that the ALJ did not err by failing to obtain additional medical records. The magistrate judge then recommended that the Commissioner's denial of benefits be affirmed. After considering Mr. Parker's objections, the district court adopted the magistrate judge's report and recommendation. Mr. Parker appealed.

II.

Mr. Parker first argues that because he filed disability claims in 1987, 2004, and 2008, his date of disability should be 1987. His current applications for benefits, however, allege disability as of October 30, 2002. Thus, the ALJ, magistrate judge, and district court correctly considered whether he was disabled as of that date. Furthermore, Mr. Parker did not argue in the district court that the ALJ considered the wrong date of disability. Consequently, we need not even consider this issue. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

Next, Mr. Parker argues that he never received a jury trial after this case was removed from state court to federal court. His entitlement to a jury trial is a question of law we review de novo. *Mile High Indus. v. Cohen*, 222 F.3d 845, 855 (10th Cir. 2000). Although 42 U.S.C. § 405(g), which permits judicial review of the Commissioner's denial of benefits, waives the United States' sovereign immunity, *see Bowen v. City of N.Y.*, 476 U.S. 467, 478-79 (1986); *Huie v. Bowen*, 788 F.2d 698, 705 (11th Cir. 1986), it does not clearly provide a

jury trial right. Section 405(h), states that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Reading sections 405(g) and (h) together, Congress did not clearly provide a right to a jury trial when it established a cause of action for review of a denial of social security benefits. *Cf. Lehman v. Nakshian*, 453 U.S. 156, 162 n.9 (1981) ("Since there is no generally applicable jury trial right that attaches when the United States consents to suit, the accepted principles of sovereign immunity require that a jury trial right be clearly provided in legislation creating the cause of action."); *id.* at 168 ("[A] plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute."). Thus, we conclude that Mr. Parker was not entitled to a jury trial. *See Ginter v. Sec'y of Dep't of Health, Educ. & Welfare*, 621 F.2d 313, 313-14 (8th Cir. 1980) (per curiam) (deciding district court's review under § 405(g) does not include granting claimant's request for jury trial).

Lastly, Mr. Parker requests that this case be returned to state court or remanded to the ALJ. This case was properly removed to federal court. *See* 42 U.S.C. § 405(g) (providing that action for review of Commissioner's decision is to be brought in federal district court). Mr. Parker fails to set forth any reasons why remand to the ALJ is proper, thereby waiving review of any decisional errors. *Cf. Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994)

("[P]erfunctory complaints [that] fail to frame and develop an issue [are insufficient] to invoke appellate review.").

## III.

The judgment of the district court is AFFIRMED. Mr. Parker's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED.

Entered for the Court

John C. Porfilio
Circuit Judge